UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PEDRO BOLETIK,<br>A# 213 480 912, | § § § | |
| Petitioner, | § § | |
| v. | § § | SA-20-CV-01209-DAE |
| ATTORNEY GENERAL, SECRETARY<br>OF DHS, ICE FIELD OFFICE<br>DIRECTOR, and WARDEN, | § § § § § | |
| Respondents. | § § § | |

**ORDER OF DISMISSAL**

Before the Court is Petitioner Pedro Boletik's ("Boletik") *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (ECF No. 1). When the Court received Boletik's Petition, it sent a letter to Boletik advising him the Petition had been filed. (ECF No. 2). The letter further advised that Boletik was required to keep the Court apprised of his current address. (*Id.*). Specifically, the letter stated: "Please be advised you must keep the court informed of your current address throughout the pendency of your case. Failure to do so may result in dismissal of your case for want of prosecution." (*Id.*). At the time of filing, Boletik was confined in the South Texas ICE Processing Center in Pearsall, Texas. (ECF No. 1). This is the address to which the Court sent the opening letter. (ECF No. 2). The letter was not returned as undeliverable.

When Boletik filed his Petition, he failed to either pay the filing fee or file an application to proceed *in form pauperis* ("IFP"). Accordingly, the Court ordered Boletik to either pay the filing fee or file a proper IFP application. (ECF No. 3). However, the Order was returned to the Court as undeliverable. (ECF Nos. 3, 4). When the Order was returned to the Court, the envelope was stamped "Detainee No Longer Here." (ECF No. 4).

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss an action for failure to prosecute or for failure to comply with any court order. *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see* FED. R. CIV. P. 41(b). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). The orderly and expeditious disposition of cases requires that if a litigant's address changes, he or she has a duty to inform the court of the change. *Salazar v. Wallace*, No. 1:13CV447, 2019 WL 1065142, at *1 (E.D. Tex. Feb. 14, 2019), *report and recommendation adopted*, No. 1:13-CV-447, 2019 WL 1062567 (E.D. Tex. Mar. 6, 2019). It is neither feasible nor required that a clerk of court take it upon himself or herself to maintain current address on the parties to pending action. *Id.* Rather, it is the responsibility of the parties—*pro se* or otherwise—to inform the court of changes of address given that communications between a court and litigants is principally conducted by mail. *Id.* Moreover, parties to an action are obligated to make timely status inquiries and in so doing, would *per force* provide address changes as those would be reflected in any written inquiry. *Id.*

By not providing this Court with his current address as required by the Court's letter and case law interpreting Rule 41(b), Boletik has prevented this Court from communicating with him and moving this case towards resolution. He has, therefore, failed to diligently prosecute this case as required. Accordingly, this case is subject to dismissal for want of prosecution pursuant to Rule 41(b). *See* FED. R. CIV. P. 41(b).

**IT IS THEREFORE ORDERED** that Petitioner Pedro Boletik's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to FED. R. CIV. P. 41(b).

SIGNED October 22, 2020.

David Alan Ezra
Senior United States District Judge